UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARY BRATU<br>    *Plaintiff*,<br><br>v.<br><br>OMNI HOTELS MANAGEMENT<br>CORPORATION,<br>    *Defendant*. | 3:19-CV-00530 (KAD)<br><br><br><br><br><br>December 9, 2019 |

**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 22]**

Kari A. Dooley, United States District Judge:

On November 1, 2019, Defendant Omni Hotels Management Corporation ("Defendant") moved for sanctions against Plaintiff Mary Bratu ("Plaintiff") pursuant to Fed. R. Civ. P. 37(d)(1)(A) and Fed. R. Civ. P. 41(b)[1] based upon Plaintiff's failure to respond to Defendant's discovery requests and to comply with this Court's October 11, 2019 Order (ECF No. 21) granting Defendant's prior motion to compel the discovery at issue. For the reasons that follow, the Defendant's motion is GRANTED.

**Procedural History**[2]

On July 12, 2019, Defendant served discovery, both interrogatories and document requests, on Plaintiff. (ECF No. 20-1). Plaintiff failed to respond to Defendant's discovery requests on or before August 11, 2019, the original deadline. *Id.* Thereafter, Defendant offered Plaintiff multiple opportunities to comply with her discovery obligations, but Plaintiff still did not respond to Defendant's discovery requests. *Id.* As a result, on September 16, 2019, Defendant filed a motion

---

[1] Although Defendant cites to Fed. R. Civ. P. 37(d)(1)(A) and Fed. R. Civ. P. 41(b), the series of events leading up to Defendant's motion and the relief sought by Defendant suggest that the motion is more properly made under Fed. R. Civ. P. 37(b)(2). Accordingly, the Court will construe the motion as having been brought under Fed. R. Civ. P. 37(b)(2).
[2] The Plaintiff did not respond to either the motion to compel or the instant motion for sanctions. The Court therefore accepts, as undisputed, Defendant's representations contained therein.

1

to compel the discovery (ECF No. 20), which this Court granted on October 11, 2019. (ECF No. 21). In the October 11, 2019 Order, the Court ordered Plaintiff to respond to the discovery at issue on or before October 21, 2019. *Id.* As of November 1, 2019, Plaintiff did not respond to Defendant's discovery requests. (ECF No. 22-1). Due to Plaintiff's failure to comply with the Court's October 11, 2019 Order, Defendant moved for sanctions asking this Court to (1) order Plaintiff to comply with her discovery obligations within fourteen days of the Court's Order, (2) award Defendant reasonable costs and attorneys' fees incurred as a result of Plaintiff's non-compliance with her discovery obligations, and (3) admonish Plaintiff that failure to comply with the Court's Order may result in dismissal with prejudice pursuant to Fed. R. Civ. P. 37 and/or Fed. R. Civ. P. 41(b). *Id.*

**Discussion**

Under Fed. R. Civ. P. 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under . . . 37(a), the court where the action is pending may issue further just orders." It is left "to the district court to determine which sanction from among the available range is appropriate." *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989).

Here, Plaintiff failed to obey, and indeed, appears to have completely ignored, the Court's October 11, 2019 Order to respond to the discovery at issue by October 21, 2019 (ECF No. 21) and Plaintiff had still not provided the discovery at issue as of November 1, 2019. (ECF No. 22-1). These failures are accompanied by Plaintiff's failure to respond to either the motion to compel or the instant motion for sanctions. Under the circumstances, sanctions as contemplated under Rule 37(b) are appropriate.

In addition, under Fed. R. Civ. P. 37(b)(2)(C), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The Plaintiff's failure to respond to the instant motion renders it impossible for this Court to determine whether there is any, let alone substantial, justification for the lack of compliance with the Court's order or the Plaintiff's discovery obligations. *See Sterle v. Elizabeth Arden, Inc.*, No. 3:06CV01584DJS, 2008 WL 961216, at *13 (D. Conn. Apr. 9, 2008) (noting "Rule 37 places the burden on the disobedient party to avoid expenses . . . by showing that his failure is justified or that special circumstances make an award of expenses unjust.") (internal quotation marks and citations omitted).

In the Court's October 11, 2019 Order, the Court stated, "[i]f the Defendant still seeks an award of costs, it must file an affidavit detailing the costs which it believes it has reasonably incurred as a result of the Plaintiff's non-compliance with her discovery obligations." (ECF No. 21). Defendant has now submitted an affidavit detailing the expenses it incurred as a result of Plaintiff's non-compliance and seeks an award of attorneys' fees and costs in the amount of $1,931.50. (Dill Aff., ECF No. 22-2). Upon review of Defendant's affidavit, the Court finds it reasonable to order Plaintiff to pay Defendant $1,931.50. *See, e.g., Valentini v. Citicorp Fin. Servs. Corp.*, 589 F. App'x 1, 2 (2d Cir. 2014) (summary order) (upholding district court's award of defendants' fees associated with plaintiffs' "discovery delays").

Accordingly, the Motion for Sanctions is GRANTED and the Court enters the following ORDERS:

(1) The Plaintiff SHALL provide responses to the discovery at issue on or before December 23, 2019.

(2) The Plaintiff SHALL, on or before January 13, 2020, pay to the Defendant the sum of $1,931.50 and shall file a Notice of Payment with the Court on or before January 20, 2020.

Lastly, Plaintiff is cautioned that failure to comply with this Order may result in other and more severe sanctions, including dismissal of the complaint with prejudice, upon further motion by Defendant. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (failing to obey an order to provide discovery may result in the court "dismissing the action or proceeding in whole or in part"); Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of December 2019.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE